McCLENDON, J.,
concurring and assigning reasons.
|TI disagree with the overly broad statement in the majority opinion that “[a]n unwed biological father may have his parental rights terminated before he has activated them.” I am unsure as to what the majority would require to activate said rights. However, in this case, E.F.H. was aware of and made no objection to the results of the paternity test in which it was determined that he was the biological father of B.E.M.
Additionally, the Louisiana Supreme Court has set forth the concerns regarding the involuntary termination of parental rights:
In any case to involuntarily terminate parental rights, there are two private interests involved: those of the parents and those of the child. The parents have a natural, fundamental liberty interest to the continuing companionship, care, custody and management of their children warranting great deference and vigilant protection under the law, and due process requires that a fundamentally fair procedure be followed when the state seeks to terminate the parent-child legal relationship. However, the child has a profound interest, often at odds with those of his parents, in terminating parental rights that prevent adoption and inhibit establishing secure, stable, long-term, and continuous relationships found in a home with proper parental care. In balancing these interests, the courts of this state have consistently found the interest of the child to be paramount over that of the parent.
State in the Interest of J.A., 99-2905, pp. 7-8 (La.1/12/00), 752 So.2d 806, 810-11. See also State ex rel. D.L.R., 08-1541, p. 11 (La.12/12/08), 998 So.2d 681, 687-88; State ex rel. K.G., 02-2886, pp. 4-5 (La.3/18/03), 841 So.2d 759, 762-63; State ex rel. C.J.K., 00-2375, pp. 7-8 (La.11/28/00), 774 So.2d 107, 113.
lain balancing these interests, I cannot say the trial court erred in this matter in terminating the parental rights of E.F.H. Therefore, I respectfully concur.